UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| NOAH BEVERLY, | ) |
| Plaintiff, | ) Civil No. 5:20-299-HRW |
| v. | ) |
| LIEUTENANT LAWSON, ET AL., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Noah Beverly is an inmate at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Beverly recently filed a civil rights complaint with this Court. [D. E. No. 1]. Beverly lists multiple prison officials as defendants, suggests that those individuals ran afoul of his constitutional rights, and indicates that he is seeking money damages, among other forms of relief. [*See id.*].

This Court, however, will dismiss Beverly's complaint without prejudice because it is apparent from his submission that he has not yet fully exhausted his administrative remedies with respect to his claims. *See Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (indicating a district court may sua sponte dismiss a complaint when it is apparent the claim is barred by an affirmative defense); *Fletcher v. Myers*, No. 5:11-cv-141-KKC (E.D. Ky. 2012), *aff'd*, No. 12-5630 (6th Cir. 2013) ("Because

1

Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis."). After all, the Federal Bureau of Prisons (BOP) has a multi-step grievance process, including a request or appeal to the Warden, an appeal to the BOP's Regional Director, and an appeal to the BOP's Central Office. And in this case, Beverly complains about alleged events that occurred on June 24, 2020, just three days before he signed his complaint, and he candidly admits that he "did not file administrative remedies here." [R. 1 at 2-3, 5, 8]. Thus, it is clear from Beverly's submission that he has not even begun—let alone fully exhausted—the BOP's administrative grievance process.

To be sure, Beverly does say in his complaint that he did not exhaust his administrative remedies "because the Lieutenants themselves would be reviewing them, and also because of extensive retaliation against whistleblowers, and because this administrative remedy process is not working." [*Id.* at 5]. But Beverly does not explain in any clear way why he cannot pursue his administrative remedies with the Warden, BOP's Regional Director, or BOP's Central Office, and he cites no legal authority that would allow him to bypass the exhaustion process because of a generalized fear of retaliation or an unsupported statement that the "administrative remedy process is not working." In short, Beverly's stated reasons for not

2

exhausting his administrative remedies are unavailing, and, thus, the Court will dismiss his complaint without prejudice.

Accordingly, it is **ORDERED** as follows:

1. Beverly's complaint [D. E. No. 1] is **DISMISSED** without prejudice. Beverly may file a new complaint regarding his claims once he has fully exhausted his administrative remedies.

2. Any and all pending motions are **DENIED AS MOOT**.

3. This action is **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This 13th day of July, 2020.

Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**